**11-2102-ag**
*Ay v. Holder*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————

August Term, 2013

(Argued: August 20, 2013    Decided: February 20, 2014)

Docket No. 11-2102-ag

————

RAMAZAN AY,

*Petitioner,*

-v.-

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

————

B e f o r e:

WESLEY, HALL, AND CARNEY, *Circuit Judges.*

————

Petitioner Ramazan Ay seeks review of a Board of Immigration Appeals ("BIA") decision finding him ineligible for asylum and withholding of removal based on its finding that he provided "material support," within the meaning of 8 U.S.C. § 1182(a)(3)(B)(iv)(VI), to a terrorist group. The relevant part of section 1182 instructs that "commit[ting] an act that the actor knows, or reasonably

should know, affords material support . . . to a terrorist organization" constitutes "engag[ing] in a terrorist activity." Any alien who "has engaged in a terrorist activity" is inadmissible under 8 U.S.C. § 1182(a)(3)(B)(i)(I), subject only to certain narrow statutory exceptions. Ay argues that: (1) the material support bar created by these provisions does not apply to individuals who provided such support under duress; (2) the support that he provided was not "material"; and (3) he is entitled to deferral of removal under the Convention Against Torture ("CAT"). Ay's petition for review is GRANTED in part, to permit the BIA to make a precedential ruling on whether a duress exception to the material support bar is implicit in the statute, and DENIED in part, as to Ay's other claims.

---

W. JOHN VANDENBERG (M. Umar Rahman, *on the brief*), Hogan & Vandenberg LLC, Bala Cynwyd, PA, *for Ramazan Ay*.

AARON R. PETTY (Tony West, Assistant Attorney General, Ethan B. Kanter, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, Civil Division, Washington, D.C., *for Eric H. Holder, Jr., United States Attorney General*.

---

PER CURIAM:

Petitioner Ramazan Ay, a Kurdish ethnic and a native and citizen of Turkey, seeks review of an April 26, 2011 decision of the BIA affirming the April 13, 2009 decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Ramazan Ay*, No. A089 203 937 (B.I.A. Apr. 26, 2011), *aff'g* No. A089 203 937 (Immig. Ct. N.Y. City Apr. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA opinion briefly adopted and affirmed the decision of the IJ, we consider both the oral decision of the IJ and the BIA's opinion together. *Secaida-Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). The agency's administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," and a decision that an alien is not eligible for admission to the United States "is conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(B), (C). We "review *de novo* questions of law and the [BIA's] application of law to undisputed fact." *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I. Asylum and Withholding of Removal

As to Ay's challenges to the agency's denial of asylum and withholding of removal, we grant the petition. We find no error in the agency's factual conclusion that Ay provided material support to a terrorist organization. We remand, however, to permit the BIA to address in a precedential decision whether the Immigration and Nationality Act (the "Act") should be construed to include a duress exception to the admissibility bar—commonly called the "material support bar"—that the Act otherwise establishes for those who have provided material support to a terrorist organization.

In provisions that together comprise the material support bar, the Act defines "engag[ing] in a terrorist activity" to include providing "material support" to terrorist organizations or individuals. 8 U.S.C. § 1182(a)(3)(B)(iv)(VI), (a)(3)(B)(i)(I). In Ay's removal proceedings, the IJ concluded that on "four or five occasions" Ay gave food and, "on at least one occasion," clothing, to individuals whom Ay knew, or had reason to know, to be members of Kurdish terrorist groups, possibly including the Kurdistan Workers' Party ("PKK")—a designated terrorist organization. IJ Dec. at 14-15. These actions, the IJ found, constituted providing "material support" to a terrorist organization within the meaning of the Act and rendered Ay inadmissible. *Id.*

In a brief order by a single member, the BIA adopted the IJ's factual findings and legal conclusions and found Ay "statutorily ineligible for asylum and withholding of removal." BIA Dec. at 2. It also observed that Ay "may be eligible for an exemption [from the bar] from the Secretary of the Department of Homeland Security" on the ground that any support he provided was given only under duress. *Id.* It advised, however, that "whether such relief is warranted is outside the scope of the Board's jurisdiction in these removal proceedings." *Id.*

4

Ay challenges both the agency's factual finding that he knowingly provided material support to terrorists, and its legal conclusion regarding his inadmissibility. First, he argues that the record does not support the IJ's finding that he knew that the armed men to whom he gave food and water were terrorists. Second, he contends that the material support bar does not apply to him because, insofar as he provided any support to a terrorist, he acted under duress. Our Court has not yet addressed whether, as Ay proposes, the Act's material support bar is subject to a duress exception.

**A.     Review of the Agency's Factual Findings**

The IJ found Ay's testimony as to his knowledge of the identity of the men who demanded (and to whom he gave) food on several occasions, including during a July 2000 incident, to be "subjectively genuine," and "overall . . . credible." IJ Dec. at 9, 10. Ay's testimony about the identity and allegiance of the men was variable, however, reflecting Ay's uncertainty and speculation. For example, at one point, Ay testified that he thought the men might be connected with the Turkish government, perhaps Turkish intelligence officers. IJ Dec. at 6. He also testified, however, that he thought they might be Kurdish terrorists associated with the PKK. *Id.* In his asylum application, he described them as "terrorists." *Id.*

In this setting, we defer to the IJ's conclusion, adopted by the BIA, that Ay "knew or should have known" the groups were terrorist organizations. IJ Dec. at 11; *see* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). Substantial evidence supported the agency's finding.

### B.    Possible Duress Exception to the Material Support Bar

With regard to the applicable law, Ay argues that even if he gave food or clothing to individuals whom he should have known to be terrorists, the material support bar should not apply to him because he provided those supplies not voluntarily, but under duress. This argument presents an important question of statutory interpretation that our Court has not yet addressed. The BIA, for its part, appears not to have yet ruled on this question in a precedential opinion fully discussing the arguments for and against construing the Act to include such an exception.

In *Negusie v. Holder*, the Supreme Court addressed whether a similar provision—the bar to asylum for aliens who participated in the persecution of others, 8 U.S.C. § 1158(b)(2)(A)(I)—contained a duress exception. 555 U.S. 511, 517-18 (2009). Discussing the ambiguity created by the Act's silence on the

6

question of voluntariness, the Court determined that Congress's "silence [was] not conclusive." *Id.* at 518. After identifying an analytical error in the BIA's analysis that had "prevented [the agency] from a full consideration of the statutory question," *id.* at 521, the Supreme Court remanded the matter to the agency for full consideration of the statutory question in the first instance, *id.* at 524.

Ay's case presents very similar circumstances. Like the provision addressed in *Negusie*, the plain language of the material support bar is inconclusive as to whether a duress exception is implicit in its terms; the statute is silent on the question. In addition, here, as in *Negusie*, the BIA's decision provides no analysis of the statutory question; rather, it appears to presume that there is no duress exception. The agency merely implies that somehow obtaining discretionary relief is Ay's sole remedy for the otherwise harsh result. BIA Dec. at 2 (Ay "may be eligible for an exemption from the Secretary of the Department of Homeland Security on that basis"). The possible availability of a discretionary waiver, however, does little to enlighten us as to the reasoning behind the agency's apparent view that the statute does not implicitly contain an exception to the bar for those who credibly testify that they provided minimal material support, and did so only under duress. In Ay's case, the BIA's non-precedential,

unpublished decision, issued by a single member, did not afford a definitive interpretation of the material support statute. *See Rotimi v. Gonzales*, 473 F.3d 55, 57-58 (2d Cir. 2007).

In these circumstances, we remand this case for the BIA to "'address the [statutory question] in the first instance in light of its own expertise.'" *Negusie*, 555 U.S. at 517 (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) (*per curiam*)); *see also Rotimi*, 473 F.3d at 57-58. Remand is especially appropriate in this case because of the frequency with which this issue arises, and the grave consequences that applying the material support bar carries for many applicants for relief. *See Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 116-17 (2d Cir. 2006) (enumerating reasons for remand to agency for interpretation and clarification).

The government contends that remand is unnecessary because (it asserts) the BIA has issued a precedential decision interpreting the material support bar. Gov't Br. at 33-34; *see Matter of S-K-*, 23 I. & N. Dec. 936 (BIA 2006). Although the BIA's opinion in *Matter of S-K-* addresses various aspects of the material support bar, it does not address the possible existence of a duress exception implicit in the statute—a distinct question of undoubted importance. Further, although other circuit courts may have chosen to defer to *non*-precedential BIA decisions

8

considering the issue, *e.g.*, *Annachamy v. Holder*, 733 F.3d 254 (9th Cir. 2013); *Alturo v. U.S. Att'y Gen.*, 716 F.3d 1310 (11th Cir. 2013) (per curiam); *Barahona v. Holder*, 691 F.3d 349 (4th Cir. 2012), we do not do so here, preferring to receive the benefit first of the agency's carefully considered views. *See Rotimi*, 473 F.3d at 57 (declining to afford *Chevron* deference to single-member non-precedential decision of the BIA).

The Government has also argued that concerns about interpreting the statute to foreclose a "duress exception" are misplaced because of the existence of an avenue for relief from literal application of the material support bar: as mentioned by the BIA in its ruling on Ay's appeal, an exemption (also termed a waiver) can be administratively granted by the Secretary of State or by the Secretary of Homeland Security.[1] Gov't Br. at 27; 8 U.S.C. § 1182(d)(3)(B)(i). Current law vests these officials with discretion, "sole [and] unreviewable," to waive application of the material support bar, provided the alien has not "voluntarily and knowingly" supported terrorist activities. 8 U.S.C.

---

[1] The exemption process also requires consultation with other government officials. The Secretary of State may exempt an applicant only after consulting with the Attorney General and the Secretary of Homeland Security, and the Secretary of Homeland Security may do so only after consulting with the Secretary of State and the Attorney General. *See* 8 U.S.C. § 1182(d)(3)(B)(i).

§ 1182(d)(3)(B)(i). As the Court of Appeals for the Ninth Circuit has observed, "this delegation of [the waiver] authority . . . reflects Congress['s] determination that executive branch officials are in a position to judge the characteristics of particular groups engaging in terrorist activities, perhaps taking into account whether the groups have a practice of forcing innocent civilians to support their causes under threat of force." *Annachamy*, 733 F.3d at 262 (citation omitted).

At oral argument in the case at bar, however, the Government was unable to identify any published process for seeking such a waiver. It has subsequently called the Court's attention to certain publicly-available information about intra-agency waiver procedures and statistics suggesting that the process is in fact utilized, but nothing, still, suggestive of an application process. In operation, the relief that waiver offers appears to be limited.

For all these reasons, we grant the petition challenging denial of asylum and withholding of removal, and remand to the BIA for its careful consideration of a whether the statute should be construed to contain a "duress exception" to the material support bar.

## II. Convention Against Torture

We deny Ay's petition, however, insofar as he challenges the agency's denial of CAT relief. Even assuming, for purposes of asylum and withholding of removal, that the law includes a duress exception to the material support bar, the agency did not err in finding that Ay had failed to establish his eligibility under CAT for withholding or deferral of removal. Ay did not demonstrate that it is more likely than not that he would be targeted by the Turkish government upon return to that country, or that any harm he would suffer would rise to the level of torture within the meaning of the statute. *See* 8 C.F.R. §§ 1208.16(c)(3) (withholding), 1208.17(a) (deferral); *see Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004) (discussing CAT relief standards).

Ay testified that he was kicked, punched, and slapped after being arrested by Turkish security forces, but also acknowledged that he did not require medical treatment as a result. Since the abuse that he did endure did not involve the infliction of "severe pain or suffering," 8 C.F.R. § 1208.18(a)(1), the IJ was not unreasonable in concluding that Ay did not suffer torture in the past. *See Pierre v. Gonzales*, 502 F.3d 109, 115-16 (2d Cir. 2007). In addition, the IJ reasonably found that although Ay was harmed, Ay did not establish that he would face future

11

torture at the hands of the Turkish security forces. Ay's evidence that the government had, as the IJ put it, "asked about him," IJ Dec. at 5, lacked detail and fell well short of demonstrating that the government has a continuing interest in questioning Ay, let alone torturing him.

## Conclusion

For the foregoing reasons, the petition for review is **GRANTED** in part and **DENIED** in part. The cause is **REMANDED** to the BIA for its reasoned consideration of whether the bar to asylum and withholding of removal that the Act raises applies to aliens, who (as Ay alleges) have provided material support to terrorists only under duress. The BIA may also usefully address in this context what level of support is "material" for purposes of the statutory bar.