Hernandez v. Holder

BIA
Elstein, IJ
A095 873 454

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand fourteen.

PRESENT:
>JON O. NEWMAN,
>JOHN M. WALKER, JR.,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

MARLENY HERNANDEZ,
>*Petitioner*,

>v.                                                      11-31
                                                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent*.

_____

FOR PETITIONER:     Anne Pilsbury, Central American Legal
Assistance, Brooklyn, NY.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General;
Ethan B. Kanter, Deputy Chief, National Security
Unit; Jeffrey L. Menkin, Senior Counsel for
National Security, Office of Immigration
Litigation, Civil Division, United States
Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a final order

of removal, it is hereby ORDERED, ADJUDGED, AND DECREED that the

petition for review is GRANTED in part and DENIED in part.

Petitioner, Marleny Hernandez, a native and citizen of Colombia, petitions

for review from a December 13, 2010 Immigration Judge ("IJ") decision, which

found her eligible for asylum but for her material support of a terrorist

organization. *In re Marleny Hernandez*, No. A095 873 454 (Immig. Ct. N.Y. City

Dec. 13, 2010). The Board of Immigration Appeals ("BIA") had remanded

proceedings to the IJ for a specific determination on that issue. *In re Marleny

Hernandez*, No. A095 873 454 (B.I.A. May 24, 2010), *aff'g* No. A095 873 454 (Immig.

Ct. N.Y. City July 28, 2006). We assume the parties' familiarity with the

underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decisions of the IJ and the BIA "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (citation omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.     Final Order of Removal

We have "jurisdiction to review only petitions for review of *final* orders of removal." *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 155 (2d Cir. 2007) (per curiam) (citing 8 U.S.C. § 1252(d)) (emphasis in original). "An order of removal is 'final' upon the earlier of the BIA's affirmance of the immigration judge's order of removal or the expiration of the time to appeal the immigration judge's order of removal to the BIA." *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009) (citing 8 U.S.C. § 1101(a)(47)(B)(i), (ii)).

The government argues that we lack jurisdiction because Hernandez did not petition for review from the BIA's decision, which it contends is Hernandez's final order of removal. However, the BIA's decision remanded proceedings for the IJ to determine whether Hernandez was eligible for asylum but for her

material support of the Revolutionary Armed Forces of Colombia ("FARC")—a finding that was necessary for her to obtain a duress waiver from the Department of Homeland Security ("DHS"). The BIA observed that it could not make this determination on appeal because it involved factfinding and invited the parties to submit additional evidence to the IJ on remand. *See* 8 C.F.R. § 1003.1(d)(2)(iv) (providing that the BIA may remand proceedings for further factfinding if it is unable to properly resolve an appeal). An appeal from the BIA's decision would have therefore been interlocutory; on remand, had the IJ found that Hernandez was ineligible for asylum regardless of her support of the FARC, she would have been entitled to appeal that decision to the BIA. *See* 8 C.F.R. § 1.003.3(a); *see also Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). The government's suggestion that the BIA's decision is the final removal order because Hernandez does not specifically challenge the IJ's 2010 decision is without merit. Hernandez has, and had, no reason to challenge the IJ's 2010 decision because the IJ's finding that she was eligible for asylum but for application of the material support bar was a favorable determination for her and she had already exhausted her challenges to the application of the material support bar before the BIA. *See Chupina*, 570 F.3d at 103. Moreover, because a

4

duress waiver would "directly affect whether [Hernandez], who conceded removability, can in fact be removed to [Colombia], the BIA's decision cannot constitute a 'final order of removal.'" *Id*. We therefore have jurisdiction because Hernandez's petition was timely filed from the IJ's decision, which became the final order of removal after the expiration of the time to appeal to the BIA. *Id.*; 8 U.S.C. § 1101(a)(47)(B)(ii).

II. <u>Material Support Bar</u>

Aliens who have "engaged in a terrorist activity" are statutorily ineligible for asylum. *See* 8 U.S.C. §§ 1158(b)(2)(A)(v), 1182(a)(3)(B)(i)(I). Engaging in a terrorist activity includes, among other things, committing an act that "the actor knows, or reasonably should know, affords material support" to a designated terrorist organization. 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). "Material support" includes providing "a safe house, transportation, communications, . . . material financial benefit, false documentation or identification, weapons [], explosives, or training . . . ." *Id.*

We lack jurisdiction to review the agency's determination that an alien is subject to the material support bar, 8 U.S.C. § 1158(b)(2)(D), but retain jurisdiction to review questions of law and constitutional claims, 8 U.S.C. § 1252(a)(2)(D),

which are subject to *de novo* review, *see Ay v. Holder*, 743 F.3d 317, 318 (2d Cir. 2014). Hernandez argues that the material support bar does not apply because the aid she provided was de minimus and involuntary. These arguments raise questions of law over which we have jurisdiction. *See id. Ay v. Holder*

A. Duress Exception

Hernandez argues that she is not barred from asylum based on her aid to the FARC because the material support bar contains an implied duress exception. We recently remanded the same issue to the BIA in *Ay v. Holder*, 743 F.3d at 321-22. For the same reasons we stated in that decision, we remand to the BIA to "address the matter in the first instance in light of its own expertise." *Negusie v. Holder*, 555 U.S. 511, 517 (2009) (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam)).

B. Materiality Finding

Hernandez also argues that she is not barred from asylum based on her aid to the FARC because her support was not material. However, the agency reasonably found that Hernandez's provision of foodstuffs every three months for more than two years was material because it aided the FARC in continuing their fight against the Colombian government. *See In re S-K-*, 23 I. & N. Dec. 936,

945-46 (B.I.A. 2006) (finding support "material" if it has "some effect on the ability of the [terrorist organization] to accomplish its goals, whether in the form of purchasing weaponry or *providing routine supplies* to its forces, for example" (emphasis added))).  Hernandez's assertion that *In re S-K-* merits no deference because its definition of "material" covers de minimus support, such as hers, is misplaced.  Hernandez's support of the FARC was not de minimus.  Indeed, it far exceeds the level of support we found material in *Ay*, where the petitioner had provided food, on four or five occasions, and clothing, on one occasion, to members of the Kurdistan Workers' Party.  743 F.3d at 319.  Hernandez, in contrast, provided the FARC with a $100 package of merchandise from her store every three months for two years.  Those packages contained goods that the FARC had specifically requested, such as rice, grains, vegetable oil, flour, pasta, cane sugar, etc.  We therefore "find no error in the agency's factual conclusion that [Hernandez] provided material support to a terrorist organization." *Id*.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part.  The cause is REMANDED to the BIA for further proceedings consistent with this opinion.  Any pending request for oral argument in this petition

7

is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and

Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk