Tahir v. Lynch

BIA
Nelson, IJ
A088 185 601

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

MUHAMMAD AHTESHAM TAHIR,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

14-1234
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Amy Nussbaum Gell, New York, New York. |
| FOR RESPONDENT: | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Alison Marie Igoe, Lyle D. Jentzer, Senior Counsel for National Security, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Muhammad Ahtesham Tahir, a native of Iran and citizen of Pakistan, seeks review of a March 26, 2014, decision of the BIA affirming an August 7, 2012, decision of an Immigration Judge ("IJ") denying Tahir's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muhammad Ahtesham Tahir,* No. A088 185 601 (B.I.A. Mar. 26, 2014), *aff'g* No. A088 185 601 (Immig. Ct. N.Y. City Aug. 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Tahir does not challenge the agency's pretermission of his asylum application as untimely. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). We thus consider only the agency's denial of withholding of removal and CAT relief.* The applicable standards of review are well

---

* Contrary to the BIA's and Government's positions, Tahir

established.    8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Adverse Credibility Determination

The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," and inconsistencies in the record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Tahir was not credible as to his claim that Sunni extremists in Pakistan threatened and attacked him in the 1990s for preparing propaganda materials for a Shia organization.

The IJ reasonably relied on Tahir's demeanor, noting that he was evasive and hesitant while testifying.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  That finding is supported by the record.

The IJ's demeanor finding and the overall credibility determination are bolstered by record inconsistencies.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3.  Tahir made

---

exhausted his challenge to the denial of CAT relief by challenging the IJ's adverse credibility determination.

3

inconsistent statements regarding whether he is Sunni, whether he knows the differences between the Sunnis and Shias, and whether he knew the propaganda materials he created promoted hostility between these two sects of Islam. Tahir further made inconsistent statements as to whether he was unable to see his assailant's face because the attack happened quickly or because the assailant wore a mask. And he was inconsistent as to whether his assailant dropped the knife he used during the attack or Tahir's father pried the knife from the assailant's hands. Tahir did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80.

Given the demeanor and inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Material Support Bar

Although we need not consider the agency's finding that Tahir provided material support to a terrorist organization for purposes of determining his eligibility for withholding of removal or CAT relief, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976), we have reviewed that determination as it may serve to bar Tahir from future admission to the United States, *see*

4

8 U.S.C. § 1182(a)(3)(B)(iv)(VI).    An alien engages in terrorist activity if he "commit[s] an act that [he] knows, or reasonably should know, affords material support, including . . . communications . . . to a terrorist organization."  8 U.S.C. § 1182(a)(3)(B)(iv)(VI).    "[T]errorist organization" is defined as a group so designated by the Secretary of State, or as "a group of two or more individuals, whether organized or not, which engages in" terrorist activities.    8 U.S.C. § 1182(a)(3)(B)(vi).  For those terrorist organizations not designated as such by the Secretary of State, the material support bar does not apply if the alien "can demonstrate by clear and convincing evidence that [he] did not know, and should not reasonably have known, that the organization was a terrorist organization."  8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd).

The agency reasonably concluded that Tahir provided material support to a terrorist organization because he designed and printed communications materials, such as brochures, posters, and banners, for the Sipah-e-Sahaba ("SSP") in Pakistan in the mid-1990s.    *See*    8 U.S.C. § 1182(a)(3)(B)(iv)(VI).  Although the SSP had not been designated a terrorist organization at that time, the record evidence demonstrates that it was one because it sought to violently convert or suppress Shias, attacked police personnel,

5

and indiscriminately fired on Shias saying their prayers. *See* 8 U.S.C. § 1182(a)(3)(B)(vi)(III). Tahir did not provide clear and convincing evidence that he was unaware that the SSP was a terrorist organization. In fact, he admitted that he knew sectarian violence was problematic at the time, that he was asked to produce anti-Shia materials for the SSP, and that he knew the group was violent (he feared the group would threaten to torture, kidnap, or kill him for working with a Shia organization). *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd). Moreover, contrary to Tahir's argument, the IJ considered whether a duress exception to the material support bar applied and reasonably determined that it did not given Tahir's testimony that he would have produced materials for the SSP even if he had not needed the income because "business is business." *See Ay v. Holder*, 743 F.3d 317, 320 (2d Cir. 2014) (remanding because BIA had not addressed whether the material support bar includes a duress exception). Accordingly, we find no error in the agency's determination that the material support bar applies to Tahir. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

6

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk