17-4122
*Doleck Nepali v. Barr*

BIA
Sichel, IJ
A098 822 069

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

DICKY DOLKER DOLECK NEPALI,
> *Petitioner,*

v.                                                                          **17-4122**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          GARY J. YERMAN, The Yerman Group, LLC, New York, NY.

FOR RESPONDENT:          ALISON MARIE IGOE (Lyle E. Jentzer, *on the brief*), Office of Immigration Litigation, *for* Joseph H. Hunt, Assistant Attorney General, United States Department of Justice Civil Division, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the petition for review is **DENIED**.

Petitioner Dicky Dolker Doleck Nepali, a native and citizen of Nepal, seeks review of a November 28, 2017 decision of the BIA affirming a March 5, 2014 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dicky Dolker Doleck Nepali*, No. A098 822 069 (B.I.A. Nov. 28, 2017), *aff'g* No. A098 822 069 (Immig. Ct. N.Y. City Mar. 5, 2014). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *see also Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 306–07 (2d Cir. 2003).

Doleck Nepali asserted past persecution and a fear of future persecution and torture based on her claims that (1) police in Nepal beat and detained her for having participated in a pro-Tibet rally in 2002, and (2) Maoists occasionally hit her while trying to extort her family between 2001 and 2004. We find no error in the agency's determinations that Doleck Nepali was not credible, was barred from asylum and withholding of removal for having provided material support to a terrorist organization, and failed to satisfy her burden of proof for asylum, withholding of removal, and CAT relief.

A. Adverse Credibility Determination

In pre-REAL ID Act cases such as this one, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be substantial when "measured against the whole record." *Secaida-Rosales*,

2

331 F.3d at 307–08 (internal quotation marks omitted). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to [her] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhang v. I.N.S.*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Here, substantial evidence supports the adverse credibility determination.

In making that determination, the agency reasonably relied on discrepancies between Doleck Nepali's accounts of whether and how often she fed Maoists in her interview with the asylum office and in her testimony before the IJ. *See Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir. 2006). The agency also reasonably questioned the plausibility of Doleck Nepali's testimony that Maoists demanded money from her parents for years but never harmed them despite her parents' purported refusal to comply with the terrorist group's demands. *See Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) (explaining that the agency is "entitled to consider whether the applicant's story is inherently implausible" when assessing credibility). Doleck Nepali failed to provide a compelling explanation for these inconsistencies and implausibility. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Because a reasonable factfinder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Chen*, 454 F.3d at 106–07. That determination was dispositive of Doleck Nepali's application for asylum, withholding of removal, and CAT relief insofar as those claims were based on her allegations of

3

past harm by the Maoists and her fear that they would continue to target her in the future. It was also relevant to the agency's determination that she was barred from asylum and withholding of removal for having provided material support to a terrorist organization. Although the agency did not make clear whether the adverse credibility determination was also dispositive of Doleck Nepali's political-opinion claim, the inconsistency and implausibility findings demonstrated Doleck Nepali's willingness to change her story in order to increase her chances of obtaining relief from removal and thus support the IJ's rejection of that claim as well. *See id.* ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy . . . before using it as the basis for an adverse credibility determination." (internal quotation marks and citations omitted)).

B. Material Support Bar

An individual who "has engaged in a terrorist activity" is ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1182(a)(3)(B)(i)(I), 1158(b)(2)(A)(v), 1231(b)(3)(B)(iv), 1227(a)(4)(B); 8 C.F.R. § 1208.16(d)(2). "In provisions that together comprise the material support bar, the [INA] defines 'engaging in a terrorist activity' to include providing 'material support' to terrorist organizations or individuals." *Ay v. Holder*, 743 F.3d 317, 319 (2d Cir. 2014) (cleaned up).

It is uncontested that the Maoists were a terrorist organization during the relevant time periods. Doleck Nepali argues that (1) the support she provided Maoists was not material when she merely directed her maid to serve Maoists snacks rather than full meals, and (2) there is a duress exception to the material support bar. Those arguments are foreclosed by our decision in *Hernandez v. Sessions*, in which we reiterated that providing food to a terrorist organization on several occasions may constitute material support and deferred to the BIA's determination that there is no implied duress exception to the material support bar. 884 F.3d 107, 109–11 (2d Cir. 2018). Insofar as Doleck Nepali argues that she supplied a minimal amount of food, she fails to

4

establish that her support was not material. The amount or type of food provided at each visit is irrelevant under the particular circumstances of her case given that she and her family provided food to a group of Maoists 50 or 60 times over the course of more than 2 years. *See Matter of A-C-M-*, 27 I. & N. Dec. 303, 306 (BIA 2018) ("We hold that no such quantitative limitation exists in the [material-support] bar.").

C. Burden Finding

Despite the material-support bar, Doleck Nepali remains eligible for deferral of removal under the CAT. *See* 8 C.F.R. § 1208.17(a). The agency denied that relief because Doleck Nepali failed to satisfy the lower burden of proof for asylum. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). That finding was not in error.

To establish eligibility for asylum, Doleck Nepali had to show that she suffered past persecution, or has a "well-founded fear" of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (citation omitted). "[P]ersecution does not encompass mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

The agency did not err in finding that Doleck Nepali failed to establish past persecution insofar as she claimed that police detained and harmed her for attending a pro-Tibet rally, because she suffered only one such incident with police and the incident involved minor physical abuse that did not require medical attention. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an alien failed to establish past persecution when "*prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and

5

had no lasting physical effect"). The agency also did not err in concluding that Doleck Nepali failed to establish that Maoists caused her harm rising to the level of persecution because she did not provide any other details about the physical abuse or assert that she suffered any physical or mental harm as a result. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."); *accord Mei Fun Wong*, 633 F.3d at 72; *Jian Qiu Liu*, 632 F.3d at 822.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Nepali has not shown a well-founded fear of future persecution because she does not identify evidence of an "objectively reasonable" risk of persecution in Nepal. *Id.* Thus, she could not show a more likely than not chance of torture necessary for CAT relief. *See Lecaj*, 616 F.3d at 120–21.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6