Ayvaz v. Holder

BIA
Balasquide, IJ
A097 517 245

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of May, two thousand fourteen.

PRESENT:
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*
_____

TARIK AYVAZ,
         *Petitioner,*

         v.                                    12-4302
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Ethan B. Kanter, Deputy
                       Chief, National Security Unit;
                       Jeffrey L. Menkin, Senior Counsel
                       for National Security, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner, Tarik Ayvaz, a native and citizen of Turkey, seeks review of an October 12, 2012, decision of the BIA affirming the February 14, 2011, decision of an Immigration Judge ("IJ"), denying a continuance, pretermitting his asylum application, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Tarik Ayvaz*, No. A097 517 245 (B.I.A. Oct. 12, 2012), *aff'g* No. A097 517 245 (Immig. Ct. N.Y. City Feb. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Ayvaz does not challenge the agency's pretermission of his asylum application, we review only Ayvaz's arguments regarding the denial of his motion for a continuance, withholding of removal, and deferral of removal under the CAT.

2

## I.   Withholding of Removal

Ayvaz argues that his provision of one meal to members of the Kurdistan Worker's Party ("PKK") does not trigger the terrorist activity bar to withholding of removal because his support was immaterial and involuntary.  Aliens who have "engaged in a terrorist activity" are statutorily ineligible for withholding of removal under both 8 U.S.C. § 1231(b)(3) and the CAT.  *See* 8 U.S.C. §§ 1231(b)(3)(B)(iv), 1227(a)(4)(B) (withholding under § 1231(b)(3)); 8 C.F.R. § 1208.16(d)(2) (withholding under the CAT).  This Court, however, retains jurisdiction to consider constitutional claims and questions of law regarding the agency's application of that statutory bar.  *See* 8 U.S.C. §§ 1158(b)(2)(D), 1252(a)(2)(D).  Whether the terrorist activity bar encompasses minimal aid or aid given under duress raises questions of law subject to our review.  *See Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010).

### A.   Material Support Provided

Terrorist activity includes, among other conduct, committing an act that "the actor knows, or reasonably should know, affords material support" to a designated terrorist organization.  8 U.S.C. § 1182(a)(3)(B)(iv)(VI).

"Material support" includes providing "a safe house, transportation, communications, . . . material financial benefit, false documentation or identification, weapons [], explosives, or training . . . ." *Id.* The BIA has never held that *de minimis* aid is support that is "material" under the terrorist activity bar. In *In re S-K-*, 23 I. & N. Dec. 936 (BIA 2006), the BIA noted the lack of "any legislative history which indicates a limitation on the definition of the term 'material support'" and observed that "Congress has not expressly indicated its intent to provide an exception for contributions which are *de minimis,*" but ultimately declined to reach the issue. *Id.* at 943, 945.

The cases cited by the BIA are factually distinguishable. In *Singh-Kaur v. Ashcroft*, 385 F.3d 293, 294-95 (3d Cir. 2004), and *Haile v. Holder*, 658 F.3d 1122, 1129 (9th Cir. 2011), the Third and Ninth Circuits considered, respectively, the organized and repeated efforts to provide overnight shelter and provisions, and the communication of intelligence, collection of funds, and provision of food. In contrast, the agency here found that Ayvaz provided one meal in his home to seven members of a terrorist organization.

4

Although both the Third and Ninth Circuits deferred to the BIA's materiality findings, they did so without determining whether deference was warranted. The BIA's interpretation of an ambiguous INA provision is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Because the term "material" is ambiguous and the BIA did not address whether the single meal Ayvaz provided qualified as material support, remand is appropriate for further clarification in a precedential decision. *See Rotimi v. Gonzales*, 473 F.3d 55, 57(2d Cir. 2007) (remanding for the BIA to issue a precedential interpretation of an ambiguous statute).

**B.   Duress Exception**

Ayvaz also asserts that his aid to the PKK was involuntary, and argues that the material support bar contains an implicit duress exception. We have recently remanded the same issue to the BIA in *Ay v. Holder*. *See* 2014 U.S. App. LEXIS 3346 (2d Cir. Feb. 20, 2014). For the same reasons we stated in that decision, we remand to the BIA to "address the matter in the first instance in light of its own expertise." *Negusie v. Holder*, 555 U.S. 511, 517 (2009)(quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam)).

5

## II. Continuance Motion

We deny the petition as to Ayvaz's challenge to the denial of a second continuance to pursue his application for a discretionary duress waiver. Immigration judges have the authority to grant continuances "for good cause shown," 8 C.F.R. § 1003.29, and "are accorded wide latitude in calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Accordingly, we review the agency's decision to deny the continuance for abuse of discretion. *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 80-81 (2d Cir. 2008); *Morgan*, 445 F.3d at 551.

Here, the IJ granted two continuances over four months so that Ayvaz could pursue his discretionary application, and reasonably declined to provide an additional continuance as he had warned Ayvaz that no additional continuances would be granted and Ayvaz did not indicate when the application would be adjudicated. *See Morgan*, 445 F.3d at 551.

## III. CAT Relief

The agency did not err in finding that Ayvaz did not establish eligibility for deferral of removal under the CAT because he did not demonstrate that it is more likely than not that he would be targeted by the Turkish government or

that any harm he would suffer would rise to the level of torture. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

The 2008 State Department Human Rights Report notes that the Turkish government arrests members of illegal organizations and that its security forces have, with impunity, subjected detainees to torture. However, the agency reasonably found that Ayvaz's fear of torture based on his suspected PKK activity was undermined by his ability to remain in Istanbul for two years and depart Turkey using his passport without incident. *See* 8 C.F.R. §§ 1208.16(c)(3)(ii) (requiring evidence that applicant is likely to be tortured), 1208.17(a) (providing that deferral is conditioned upon eligibility for CAT relief under § 1208.16(c)(3)). Because the agency's finding also precludes success on a claim for withholding of removal under the CAT, we decline to remand for consideration of that relief, even if Ayvaz is found not subject to the terrorist activity bar.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. Any pending request for oral argument in this petition is DENIED in accordance with

7

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk