Gurung v. Holder

BIA
Nelson, I.J.
A089 908 491

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fourteen.

PRESENT:
    JOHN M. WALKER, JR.,
    REENA RAGGI,
    GERARD E. LYNCH,
        *Circuit Judges*.

_____

KAL BAHADUR GURUNG,
        *Petitioner*,

    v.                                    13-3432
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:         Khagendra Gharti-Chhetry, New York,
                        New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Lyle D. Jentzer, Jeffrey L.
                        Menkin, Senior Counsel for National
                        Security, National Security Unit,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part.

Kal Bahadur Gurung, a native and citizen of Nepal, seeks review of an August 14, 2013, decision of the BIA affirming the November 4, 2011, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Kal Bahadur Gurung*, No. A089 908 491 (B.I.A. Aug. 14, 2013), *aff'g* No. A089 908 491 (Immig. Ct. N.Y. City Nov. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's and BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency rejected Gurung's claims for asylum, withholding of removal and CAT relief on various alternative grounds, finding that his asylum claim was not timely presented; that his asylum and withholding claims are barred

2

because he gave "material support" to a terrorist organization, and in any event are without merit because his testimony lacked credibility and because even if his testimony were credited, he had failed to establish that he faced harm due to his actual or imputed political opinion; and that his CAT claim failed because he had not established that he would more likely than not be tortured if he returned to Nepal.

We dismiss the petition as to asylum because we lack jurisdiction to review the agency's determination that Gurung's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(2)(B),(3). Although we retain jurisdiction to review "constitutional claims or questions of law" relating to that determination, 8 U.S.C. § 1252(a)(2)(D), Gurung merely disputes the agency's factual findings and does not raise a reviewable constitutional claim or question of law.

We deny the petition as to withholding of removal and CAT relief. To qualify for withholding of removal, an applicant must show that it is more likely than not that his or her "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or

3

political opinion." 8 C.F.R. § 1208.16(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Substantial evidence supports the agency's finding that the Maoists' interest in Gurung was not related to his membership in the National Democratic Party ("NDP"), the only protected ground identified by Gurung. Gurung testified that he joined the NDP in 2005, but his asserted problems with the Maoists began in 2002, predating his party membership. Gurung testified that the Maoists wanted him to join their militia in 2002, and abducted him in 2005 and brought him to a training camp. However, Gurung offered no evidence that any of these actions were taken on account of his political beliefs. Because these past incidents are not related to a protected ground, Gurung is not eligible for withholding of removal. *Cf. INS v. Elias-Zacarias*, 502 U.S. 478 (1992) (holding that forced recruitment by guerilla forces is not per se persecution on account of a protected ground).

We also deny the petition as to CAT relief because the record lacks particularized evidence showing a likelihood of harm rising to the level of torture. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

As noted, the agency also determined that Gurung's

4

claims for asylum and withholding of removal are barred

because he gave "material support" to the Maoists, a

terrorist organization.  Gurung contends that any support he

provided for the Maoists was *de minimis* and was provided

under duress.  The agency rejected the former claim on the

merits, holding that the support was "material," and held

that only the Secretaries of State and Homeland Security,

and not the BIA or the IJ, have authority to exempt an alien

from the terrorism bar on grounds of duress.  We have

recently remanded cases to the BIA to clarify in

precedential opinions the meaning of the term "material,"

*Ayvaz v. Holder*, 564 F. App'x 625, 627-28 (2d Cir. 2014),

and whether there is an implicit duress exception, *Ay v.

Holder*, 743 F.3d 317, 320 (2d Cir. 2014).  Although the

agency's alternative determinations provide a sufficient

basis for dismissing the petition as to asylum, and denying

the petition as to withholding of removal and CAT relief,

the agency's material support finding may impact Gurung's

eligibility for future immigration benefits.  *See, e.g.*, 8

U.S.C. 1182(a)(3)(B)(iv)(VI).  Consequently, the petition is

granted with respect to the agency's material support

ruling, and this issue is remanded for further proceedings

consistent with this order.  The agency may, if it chooses,

5

vacate the finding of material support as unnecessary to the resolution of the present matter, leaving the question of whether Gurung is barred from future immigration benefits on that basis for determination if and when he should apply for such benefits.

For the foregoing reasons, the petition for review is DISMISSED in part, DENIED in part, and GRANTED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6