13-2645
*Jalloh v. Holder*

BIA
Sichel, IJ
A095 841 077

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand fifteen.

PRESENT:
RALPH K. WINTER,
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*
_____

CHERNOR SADU JALLOH,
    *Petitioner,*

    v.                                          13-2645
                                                NAC

ERIC H. HOLDER, JR., UNITED
STATES
ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:            Carmine D. Boccuzi, Jr., Cleary
                           Gottlieb Steen & Hamilton,
                           New York, New York.

1

**FOR RESPONDENT:**                    Stuart F. Delery, Assistant
                                       Attorney General; Lyle D. Jentzer,
                                       Senior Counsel for National
                                       Security; Alison Marie Igoe,
                                       Senior Counsel for National
                                       Security, National Security Unit,
                                       Office of Immigration Litigation,
                                       United States Department of
                                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part, and GRANTED in part.

Petitioner Chernor Sadu Jalloh, a native and citizen of Sierra Leone, seeks review of a June 11, 2013, decision of the BIA: (1) affirming a November 30, 2011, decision of an Immigration Judge ("IJ") denying Jalloh's application for withholding of removal; and (2) denying his motion to reopen and remand his prior asylum proceedings. *In re Jalloh,* No. A095 841 077 (B.I.A. June 11, 2013), *aff'g* No. A095 841 077 (Immig. Ct. N.Y. City Nov. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005).

I.   Change in Conditions

An alien who demonstrates past persecution benefits from a presumption that his life or freedom would be threatened in his home country in the future, as required for a grant of withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1)(i). The Government may rebut this presumption if it shows a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened" upon removal. 8 C.F.R. § 1208.16(b)(1)(i)(A), (ii). The Government must prove the fundamental change by a preponderance of the evidence, and we review the agency's conclusion for substantial evidence. *Lecaj v. Holder*, 616 F.3d 111, 115, 116 (2d Cir. 2010). The agency must provide a reasoned basis for finding that changed country conditions rebut the presumption. *Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007).

Substantial evidence supports the agency's finding that although Jalloh suffered past persecution, there was a fundamental change in Sierra Leone, as shown in the U.S. State Department country conditions reports. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006). The 2002 State Department report shows that Revolutionary United Front ("RUF") insurgents disarmed and demobilized after the civil war ended in 2002. A more recent report demonstrates that by 2010, the RUF had all but ceased to exist and several of its leaders were tried and incarcerated for their crimes. The 2010 State Department report also recounts the aftermath of Sierra Leone's "devastating" civil war, describing the gradual improvements in Sierra Leone in the following years. Although the report does mention several human rights violations, none of the abuses listed are tied to people of Fulani ethnicity, Jalloh's home region, or the RUF. *See Lecaj*, 616 F.3d at 119. Furthermore, there is no "contrary or countervailing evidence" in the record to suggest that the RUF's abuses have continued. *Id.* at 115-16.

## II. Material Support Bar

The agency also determined that Jalloh's claim for withholding of removal was barred because he gave "material support" to the RUF, which is a terrorist organization. Jalloh contends that if he provided any support to the RUF, it was immaterial and provided under duress. We have recently remanded cases to the BIA to clarify in precedential decisions the meaning of the term "material," *Ayvaz v. Holder*, 564 F. App'x 625 (2d Cir. 2014), and whether there is an implicit duress exception, *Ay v. Holder*, 743 F.3d 317, 320 (2d Cir. 2014). Although the agency's alternative determination of changed country conditions provides a sufficient basis for denying Jalloh withholding of removal, the material support finding may impact Jalloh's eligibility for future immigration benefits, such as adjustment of status. *See, e.g.*, 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). Furthermore, the Department of Homeland Security designated Sierra Leone for Temporary Protected Status ("TPS") in November 2014. Jalloh may apply for TPS relief until the May 20, 2015 deadline, but will be ineligible if subject to the material support bar.

5

Consequently, the petition is granted with respect to the agency's material support ruling, and this issue is remanded for further proceedings consistent with this order. The agency may, if it chooses, vacate the material support finding as unnecessary to the resolution of the present matter, leaving the question of whether Jalloh is barred from future immigration benefits on that basis for determination if and when he should apply for such benefits.

III. <u>Motion to Reopen and Remand</u>

Jalloh moved the BIA to reopen and remand proceedings, arguing that but for the ineffective assistance of his prior counsel, he would have proved that he timely applied for asylum and was eligible for humanitarian asylum. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali*, 448 F.3d at 517. The agency denied Jalloh's motion because even if his counsel was ineffective, he was ineligible for asylum because he was subject to the material support bar and there had been a fundamental change in Sierra Leone. *See* 8 U.S.C. § 1158(b)(2)(A)(v), 1182(a)(3)(B)(i)(I); 8 C.F.R. § 1208.13(b)(1)(iii). The BIA did not abuse its discretion. However, if the agency

6

decides upon remand that Jalloh is not subject to the material support bar, it should then revisit Jalloh's motion because he may be eligible for humanitarian asylum, even though country conditions have changed in Sierra Leone. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

IV. <u>IFP Motion and Reimbursement of Filing Fee</u>

Jalloh also filed a motion to proceed *in forma pauperis* ("IFP") and for reimbursement of the filing fee to his pro bono counsel, who paid the fee for him upon filing the petition. Pursuant to 28 U.S.C. § 1915(a) and (e), we may permit an indigent petitioner to proceed IFP, but must dismiss the petition if it is frivolous. Jalloh has clearly raised a non-frivolous challenge to the agency's decision and demonstrated that he is indigent. Therefore, the motion for IFP status is granted. As to pro bono counsel's request for reimbursement of the filing fee, because IFP status is granted and Jalloh was not required to pay the filing fee, that request is granted.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part and the case is remanded to the BIA. The motion for IFP status and reimbursement of

7

the filing fee is GRANTED, and the Clerk's Office is directed to make any arrangements necessary to return the funds.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:  
Catherine O'Hagan Wolfe, Clerk
